[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Defendant Maple Avenue Mews Homeowners Association, Inc. has moved to require the plaintiff, mortgagee, to pay it common charges on condominium units and development land owned by defendant Maple Avenue Mews Limited, mortgagor, and subject to being foreclosed by the plaintiff, during the pendency of this action. The basis of the Homeowners Association's claim is that these common charges maintain, secure and insure the property being foreclose upon by the plaintiff and thus the plaintiff is unjustly enriched by not paying them.
The plaintiff claims (1) no such remedy is provided for by the Common Interest Ownership Act, General Statutes47-200 et seq., and that Act is the definitive and exclusive statutory scheme which abrogates the common law of condominiums; and (2) the doctrine of unjust enrichment cannot apply because there is no proof the plaintiff will benefit from the services paid for by common charges because the court cannot at this time determine the value of the property in comparison to plaintiff's debt and whether or not the plaintiff will be the redeeming party.
Clearly if the plaintiff were to incur expenses to maintain and protect the property being foreclosed upon, it could add those expenses to the debt owed by the mortgagor. The issue here is whether if those expenses are incurred by the Homeowners Association, it can require the plaintiff to pay them during the pendency of the proceeding.
This court concludes that the Common Interest Ownership Act does not preclude the common law remedy of unjust enrichment against a lender who gains the benefit of services and protection provided by a condominium association. The Act specifically provides at 47-207: "The principles of law and equity . . . supplement the provisions of this chapter, except to the extent inconsistent with this chapter." Requiring a lender to pay ongoing common charges during pendency of a foreclosure proceeding is not inconsistent with any provision of the Act. Comment 1 to 1-108 of the Uniform Common Interest Ownership Act, from which 47-207 derives, states:
 "This Act displaces existing law relating to common interest communities and other law only as stated by specific sections and by reasonable implication therefrom. Moreover, unless specifically displaced by this statute, common law rights are retained."
This court however cannot at this time determine CT Page 4234 whether or not and to what extent the plaintiff will be benefitted [benefited] by the services and protections covered by the common charges. At the foreclosure hearing an appraisal of the property will be offered and the probability can be determined of the plaintiff redeeming. Thus this court reserves decision on this motion until that hearing.
ROBERT SATTER, J.